UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-06645-AH-(CTSx) | Date | September 1, 2026 |
| Title | *Wilson Ferro v. Weingarten Nostat Inc., et al.* | | |

| | |
|---|---|
| Present: The Honorable | Anne Hwang, United States District Judge |

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 18) [JS-6]**

Before the Court is a Motion to Remand filed by Plaintiff Wilson Ferro ("Plaintiff"). Mot., Dkt. No. 18. Defendant Garfield Beach CVS, L.L.C. ("Defendant") filed an Opposition. Opp'n, Dkt. No. 23. No reply was timely filed. The Court deems this matter appropriate for resolution without a hearing, and hereby **VACATES** the hearing currently set for September 9, 2026. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. The Court has considered the parties' papers and the relevant law. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND

Plaintiff brought this action in Los Angeles Superior Court on January 20, 2026, against Weingarten Nostat Inc., 8000 Sunset Strip S.C. ("8000 Sunset Strip"), and Does 1 through 25. Dkt. No. 1-2. Defendant Garfield Beach CVS, L.L.C., erroneously sued and served as "CVS, was served on May 19, 2026. Notice of Removal ("NOR"), Dkt. No. 1 ¶ 2. 8000 Sunset Strip was served the same day, May 19, 2026; the proof of service was filed with the Superior Court on May 20, 2026. Mot., Ex. B. Weingarten Nostat Inc. was dismissed from the

action. Dkt. No. 18. On June 18, 2026, the thirtieth day after both Defendant and 8000 Sunset Strip were served, Defendant removed the action to this Court on the basis of diversity jurisdiction. *See* NOR. The NOR does not state that 8000 Sunset Strip consented to removal, *see id.*, nor was 8000 Sunset Strip served a copy of the NOR. Opp'n at 3.

Four days after removal, on June 22, 2026, counsel for 8000 Sunset Strip filed an Answer to the Complaint in the Superior Court action and thereafter served discovery using state-court Judicial Council forms. *Id.* (citing Dkt. No. 18; Mot., Exs. C, E, F). On July 8, 2026, 8000 Sunset Strip filed a signed Consent to Removal with this Court. Dkt. No. 17.

On July 15, 2026, Plaintiff filed the instant Motion. Dkt. No. 18.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Under this "rule of unanimity," "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." *Hurtado v. City of Ontario,* 2012 WL 2944822, at *1 (C.D. Cal. July 17, 2012); 28 U.S.C. § 1446(b)(2)(B). "Failure to obtain consent of all served defendants prior to the expiration of the 30-day removal period renders the case subject to remand." *Tutor-Saliba Corp. v. Everest Nat'' Ins. Co.*, 2015 WL 13427744, at *1 (C.D. Cal. Apr. 13, 2015) (citing *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999)).

Jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "In general, removal statutes are strictly construed against removal . . . and any doubt

is resolved against removability." *See Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

## III. DISCUSSION

Plaintiff argues that the removal was defective due to a violation of the rule of unanimity, where Defendant 8000 Sunset Strip did not timely consent to Defendant's removal. Mot. at 5.

As one district court has observed:

> Courts are split as to when a non-removing defendant's consent must be filed for it to be timely. Citing the Ninth Circuit's decision in *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011), some courts have found the removing defendant can cure violation of the rule of unanimity by obtaining joinder or consent of all defendants after the removal period. In *Destfino*, the Ninth Circuit noted "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." 630 F.3d at 956-57. Others, however, have recognized *Destfino* was decided before the 2011 amendments to the removal statute and have found defendants cannot cure the procedural defect in question by obtaining consent after the 30-day removal period. The Ninth Circuit has not weighed in after the 2011 amendments to § 1446.

*Hauss v. Home Depot U.S.A., Inc.*, 2023 WL 5382164, at *2 (E.D. Cal. Aug. 22, 2023) (citation modified). "Since the unanimity rule has been codified, most courts strictly construe the statute to require that any cure in a procedural defect must happen before the 30-day removal period expires." *Jarjour v. Nationstar Mortg. LLC*, 2025 WL 1106200, at *5 (W.D. Wash. Apr. 14, 2025). As the Court noted in a recent case addressing the same issue as here, *see Boloori v. Mercedes-Benz USA, LLC*, 2026 U.S. Dist. LEXIS 33259, at *5, the Court agrees with the reasoning of those courts in this circuit which hold that a procedurally defective NOR cannot be cured outside the statutory 30-day window. *See also, e.g., Lopez v. Michael Weinig, Inc.*, 2020 WL 4192260, at *4 (C.D. Cal. July 17, 2020); *Gray v. Alvarez*, 2025 WL 1936938, at *2 (E.D. Cal. July 15, 2025); *Ray v. Dzogchen Shri Singha Found. USA, Inc.*, 2023 WL 3451987, at *5 (D. Or. May 15, 2023); *Palmeira v. CIT Bank, N.A.*, 2017 WL 4797515, at *6 (D. Haw. Oct. 24, 2017).

Here, Defendant concedes that 8000 Sunset Strip did not timely consent to removal but instead filed an answer and served discovery in state court, and for the reasons discussed in the persuasive authority cited above, Defendant's arguments that the Court should permit 8000 Sunset Strip's belated consent to cure this defect are unavailing.

Defendant 8000 Sunset Strip's failure to timely consent to Defendant's removal of the action is alone enough to render removal defective.[1] Accordingly, Plaintiff's Motion to Remand is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED. The case is remanded to the Superior Court of the State of California for the County of Los Angeles, case number 26STCV02025. All dates are vacated, and the Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

[1] For this reason, the Court need not directly address Plaintiff's related arguments regarding service of the notice of removal on Defendant 8000 Sunset Strip.